## DESPEAUX et al. v. PENNSYLVANIA R. CO.

(Circuit Court, E. D. Pennsylvania. December 11, 1906.)

No. 44.

CONTEMPT—PREVENTING PRODUCTION OF BOOKS AND PAPERS—ANSWER TO RULE.
  Officers of a corporation, who, in response to a rule upon the corporation to produce books and papers, answer that such books and papers have been destroyed, cannot be adjudged guilty of contempt as preventing such production, because their answer was based on information given by their subordinates, who, if such books and papers were in existence, would be their proper custodians, and not upon their own knowledge.

On Rule for Contempt.

James W. M. Newlin, for plaintiff.
John Hampton Barnes, for defendant.

HOLLAND, District Judge. This rule to show cause why Charles E. Pugh and Louis Neilson, respondents, should not be adjudged for contempt, is discharged, for the reason that there is not the slightest bit of evidence to show that they have disobeyed or "resisted any lawful writ, process, order, rule, decree or command of this court."

The plaintiff presented a petition upon the Pennsylvania Railroad Company to produce books. The petition was somewhat indefinite as to the books and papers required, but the railroad company answered that these books had been destroyed long since, as it had concluded the suit in question had been abandoned, because, having been brought 17 years ago, nothing had been done to dispose of it in court. The plaintiff was not satisfied that the books were destroyed, and called wit-

nesses to show they were in existence, in order that he might establish this fact to the satisfaction of the court and secure his order for their production. He called Mr. Pugh and Mr. Neilson as witnesses in support of his allegation that the papers were not destroyed. Both were examined, and they frankly stated that they had inquired about these books and papers from their subordinates, who were charged with their keeping, and were informed by these custodians that the books and papers were long since destroyed. Upon this information, they testified they had made this answer to the plaintiff's rule to produce these books and papers. They frankly told the plaintiff what their information was upon which they had made answer. They could only know this by inquiring of those who had the possession of the books and papers, and, after so informing themselves, being corporate officers, they were proper persons to make answer. They are not in contempt of court because they cannot answer of their own personal knowledge. If the plaintiff can show that Mr. Pugh and Mr. Neilson are misinformed as to the existence of the books and papers for which he calls and which are sufficiently specified in his petition, he can subpœna and examine any witness who may know about the matter on his rule to produce them. The plaintiff, through its attorney, asks this court to adjudge Messrs. Pugh and Neilson in contempt, because, as the petition alleges, they are preventing him from obtaining access to the books and papers. Their examination does not show they have done anything to sustain this charge, but it does show they have answered all questions relevant to the existence of the books put to them by the plaintiff's attorney, and in every particular complied with the orders of this court.

Rule discharged.